UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

IN RE KIM HUA,

   Petitioner.                **DECISION AND ORDER**
                             07-MC-04S

1. On January 19, 2007, pro se Petitioner Kim Hua commenced this action by filing a letter requesting that this Court correct the date of birth listed on her Certificate of Naturalization. Petitioner includes with her letter a copy of her Certificate of Naturalization, dated March 18, 1998, as well as what appears to be a birth record from Vietnam. Petitioner contends that at the time of her naturalization, she incorrectly communicated her date of birth due to a language barrier. She maintains that her correct date of birth is April 5, 1944. The date listed on her Certificate of Naturalization is September 23, 1945.

2. Correction of a Certificate of Naturalization is governed by 8 C.F.R. § 338.5. This regulation provides for the amendment of a Certificate of Naturalization to correct clerical errors or to resolve factual discrepancies between the naturalization application and the certificate. See 8 C.F.R. § 338.5(a); see also In Re Motion to Correct Certificate of Naturalization, No. 06-265, 2006 WL 2882574, at *1 (D.N.J. Oct. 3, 2006). The naturalized individual may correct such deficiencies by filing Form N-565 (without fee) at the Service office having jurisdiction over her place of residence. See id.

3. Petitioner bears the burden of demonstrating that the date of birth on her Certificate of Naturalization is incorrect, and that her correct date of birth is April 5, 1944. See In Re Lee, No. C 06-80150-MISC, 2007 WL 926501, at *2 (N.D.Cal. Mar. 26, 2007); In Re Nguyen, No. 05-MC-61, 2006 WL 2860814, at *2 (D. Minn. Oct. 4, 2006). This

burden must be carried with "unequivocal evidence as to the applicant's true date of birth." Liu v. Immigration & Naturalization Serv., No. 98-MC-139, 1998 WL 809037, at *2 (N.D.N.Y. Nov. 17, 1998)(collecting cases).  In this case, however, Petitioner does not allege that the date of birth on her Certificate of Naturalization is incorrect because of a clerical error.  Rather, she maintains that communication difficulty arising out of a language barrier resulted in her incorrectly reporting her date of birth.  This is problematic because the regulations are "resistant to changing birth dates for any reason other than clerical error on the part of U.S. officials."  Varghai v. INS, Dist. Director, 932 F.Supp. 1245, 1246 (D.Or. 1996) (citing 8 C.F.R. § 338.5(e)).

> 4. Under the applicable regulation, correcting a Certificate of Naturalization
>
>    will not be deemed to be justified where the naturalized person later alleges that the name or date of birth which the applicant stated to be his or her correct name or date of birth at the time of naturalization was not in fact his or her name or date of birth at the time of the naturalization.

8 C.F.R. § 338.5(e).  Nonetheless, courts have interpreted their authority to order the amendment of Certificates of Naturalization broadly, and have granted applications to amend in the absence of clerical error, particularly when no fraud is evident.  See Duc Minh Ha v. U.S. Citizenship & Immigration Servs., No. 05-0059, 2006 WL 1997360, at *4-*6 (D.Minn. July 14, 2006) ("While the United States Citizenship and Immigration Services' regulations may not permit it to administratively amend the birth date on a Certificate of Naturalization in the absence of clerical error . . . this Court has the power to order such an amendment." (quoting Kouanchao, 358 F.Supp.2d at 839-40); see also In Re Lee, 2007 WL 926501, at *2-3 (finding cause to grant petition in the absence of fraud); Kouanchao v. U.S. Citizenship & Immigration Servs., 358 F.Supp.2d 837, 838-39 (D.Minn. 2005)

(granting correction of birth date where petitioner presented evidence of his correct birth date and where there was no opportunity for fraud because birth date had already been changed by the Social Security Administration and state motor vehicles department); but see Matter of Shrewsbury, 2007 WL 926501, at *1 (denying application to amend where amendment was sought to correct a deliberate falsehood); Duc Minh Ha, 2006 WL 1997360, at *2 (denying application to amend where only evidence was affidavits from petitioner's family members)

5.  For a number of reasons, this Court finds that Petitioner's letter request should be denied and dismissed without prejudice. First, Petitioner did not file her request in proper pleading form. Second, Petitioner did not serve her papers on the Government. While such service is not required under 8 C.F.R. § 338.5, other courts have borrowed from the service requirement in 8 C.F.R. § 334.16(b)[1] to require service on the Government. See In Re Motion to Correct Certificate of Naturalization, 2006 WL 2882574, at *2 (denying application without prejudice due to lack of service); Liu, 1998 WL 809037, at *1 (application to change date of birth on Certificate of Naturalization was "procedurally defective" due to failure to serve government); In Re Rose, No. 94-0165, 1994 WL 502501, at *1 (E.D. Pa. Sept. 15, 1994) (noting that requests to correct Certificates of Naturalization should be entertained consistent with applicable regulations and after proper notice to the government). Third, this Court cannot make a determination on Petitioner's application based on the current state of the record. Petitioner has presented only an untranslated,

---

[1] This regulation governs applications to amend *petitions* for naturalization. The service provision requires that "a copy of the application shall be served upon the district director having administrative jurisdiction over the territory in which the court is located in the manner and within the time provided by the rules of court in which application is made." 8 C.F.R. § 334.16(b).

unauthenticated birth record from Vietnam in support of her application. Without more, this record is not "unequivocal evidence" of her true date of birth.

6.      Accordingly, for the reasons stated above, this Court will deny and dismiss Petitioner's letter request without prejudice to provide Petitioner the opportunity to (1) serve the appropriate district director with her application, see 8 C.F.R. § 334.16(b), (2) obtain a translation of the purported birth record, and (3) properly authenticate her evidence. See In Re Nguyen, 2006 WL 2860814, at *4 (dismissing a Petition to Amend without prejudice to permit the petitioner to compile additional evidence and authenticate his existing evidence).


IT HEREBY IS ORDERED, that Petitioner's Application to Correct her Certificate of Naturalization (Docket No. 1) is DENIED and DISMISSED without prejudice.

FURTHER, that the Clerk of the Court shall close this case.

SO ORDERED.

Dated:   April 6, 2007
         Buffalo, New York

                                              /s/William M. Skretny
                                              WILLIAM M. SKRETNY
                                              United States District Judge